# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| SAFECAST LIMITED, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 6:22-cv-00678-ADA |
| GOOGLE LLC, | § § | |
| Defendant. | § § § § | JURY TRIAL DEMANDED |

## DEFENDANT GOOGLE LLC'S RULE 12(B)(6) MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

I.     **INTRODUCTION**

Defendant Google LLC ("Google") requests that the Court dismiss Plaintiff SafeCast Limited's ("SafeCast") claim of infringement because SafeCast's Amended Complaint still contains no allegations that could plausibly support a claim against the accused product, ads on YouTube TV.

Google previously filed a Motion to Dismiss, Dkt. 20, pointing out a critical flaw in the infringement theory in SafeCast's original Complaint—the claims of the asserted U.S. Patent No. 9,392,302 ("'302 Patent") require "automating compliance with local broadcasting regulations laid down by a broadcasting authority," but the accused YouTube TV product cannot infringe because it does not broadcast. This flaw doomed SafeCast's infringement theory because SafeCast relied on the (demonstrably false) allegations that YouTube TV broadcasts and is subject to a Federal Communications Commission ("FCC") regulation that restricts when indecent and profane content can be broadcast. Dkt. 1-1 at 20.

Rather than respond to Google's Motion to Dismiss, SafeCast filed an Amended Complaint and abandoned its original FCC-based theory. In its place, SafeCast concocts a new theory that suffers from the same critical flaw. Indeed, SafeCast's new theory fails to identify *any* local broadcasting regulation at all. Instead, it relies on vague allegations that are unrelated to the local broadcasting time regulations of the claims, including that Google "abides by laws," enforces YouTube Community Guidelines (which do not apply to YouTube TV), and requires advertisers to follow Google Ads policies. These allegations fail to plausibly allege infringement because these laws, guidelines, and policies are not plausibly "local broadcast time regulations" nor do they come from a "broadcasting authority" as required by the claims.

The Amended Complaint should be dismissed with prejudice because, as shown by SafeCast's two failures to plead its case, any amendment would be futile. YouTube TV is not a

1

broadcasting service, is not subject to broadcasting regulations of any local broadcasting authority, and does not "automate compliance with broadcasting regulations." No reasonable claim of infringement can be made against YouTube TV. Before Google filed its first Motion to Dismiss, counsel for Google explained this critical deficiency to counsel for SafeCast and requested that SafeCast dismiss its Complaint. SafeCast refused. Google was thus forced to file its first Motion to Dismiss. Now Google is forced to file a second Motion to Dismiss to address the same deficiency in the Amended Complaint. As Google explained in its first motion (Dkt. 20 at 1 n.1), this is not the first time that counsel for SafeCast has continued to prosecute baseless claims of patent infringement. Courts across the country have repeatedly sanctioned counsel for SafeCast for similar conduct.[1] The pleadings in the Amended Complaint are just as faulty here and warrant dismissal under Rule 12(b)(6).

## II.   STATEMENT OF RELEVANT FACTS

SafeCast's Amended Complaint alleges direct infringement of at least claim 1 of the '302 Patent. Dkt. 23 ¶ 17. Every claim of the '302 Patent recites a system for "automating compliance with local broadcasting regulations laid down by a local broadcasting authority." To illustrate, Claim 1 recites:

---

[1] *See, e.g.*, *Traxcell Tech. v. AT&T Corp.*, 2:17-cv-00718-RWS-RSP, Dkt. 520 (E.D. Tex. Mar. 29, 2022) (ordering plaintiff to pay more than $100,000 in attorneys' fees for pursuing unsupported infringement theories, filing meritless motions, and continually disregarding the Court's reasoning); *WPEM LLC v. SOTI Inc.*, 2:18-CV-00156-JRG, Dkt. 55 (E.D. Tex. Feb. 4, 2020) (admonishing plaintiff for failing to conduct a reasonable pre-suit investigation); *Traxcell Tech. v. Huawei Techs. USA Inc.*, 2:17-cv-00042-RWS-RSP, Dkt. 142 (E.D. Tex. Dec. 21, 2017) (awarding fees to defendant because of plaintiff's "unintelligible" infringement contentions); *NetSoc, LLC v. Chegg Inc.*, 1:18-CV-10262 (RA), Dkt. 118 (S.D.N.Y. Dec. 10, 2020) (awarding fees for asserting infringement based on a claim not in the asserted patents); *KI Ventures, LLC v. Fry's Electronics, Inc.*, 4:13-cv-1407, Dkt. 43 (S.D. Tex. Nov. 18, 2013) (dismissing case with prejudice under Rule 11 for failure to explain basis for infringement).

> 1. A system for automating compliance with **local broadcasting regulations laid down by a broadcasting authority** and applicable to advertisements, said advertisements being provided during time-shifted viewing/listening comprises:
>
> . . .
>
> advertisement supply means to supply advertisements within the periodic breaks, each advertisement having associated therewith a header comprising a first field related to a **local broadcasting time regulation laid down by the broadcasting authority**, which **local broadcasting time regulation** restricts the time of day at which said advertisement may be shown, and a second field related to the number of times said advertisement has previously been shown during time-shifted viewing;
>
> rules database means containing rules relating to said **local broadcasting time regulation**;
> . . .
>
> control means arranged to read said first field and said clock signal and said rules database and **to apply said local broadcasting time regulation** to each advertisement before said advertisement is shown[.]

*See id.* at 8:28–54 (emphases added). As shown in the claim above, the local broadcasting regulation must be a "time regulation" and must be "laid down by a broadcasting authority." *Id.* The limitations that the broadcasting regulation must be a "time regulation" and "laid down by a broadcasting authority" were added during prosecution of the '302 Patent to overcome the Examiner's prior art rejections. *See* Ex. 4 (excerpts from the '302 Patent FH at 16, 19, 37, 39).[2]

The Amended Complaint identifies "Google-owned advertising products" as the "Accused Instrumentalities," (Dkt. 23 ¶ 15), and its allegations focus on Google's YouTube TV, "an on-demand and live TV streaming service" that "a user subscribes to." (Dkt. 23-2 at 2).

The Amended Complaint does not identify any "local broadcasting time regulation" with which YouTube TV allegedly complies. *See* Dkt. 23-2. Nor does the Amended Complaint identify any "broadcasting authority." *Id.* Instead, SafeCast alleges that Google provides ads on

---

[2] The Court can take judicial notice of the prosecution history of the asserted patent in resolving a Rule 12(b)(6) motion. *See Vervain, LLC v. Micron Tech., Inc.*, 2022 WL 23469, at *5 n.2 (taking judicial notice of prosecution history). Google's request for judicial notice is filed concurrently with this motion.

3

YouTube TV that "abide by laws" and "regulations," though SafeCast does not identify any specific laws or regulations. Dkt. 23-2 at 5.

### III. LEGAL STANDARD

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard is not met unless the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," based on "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

"A plaintiff is not required to plead infringement on an element-by-element basis," but "[t]here must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Bot M8 LLC v. Sony Corp.*, 4 F.4th 1342, 1352–53 (Fed. Cir. 2021). A greater level of detail is required for elements that are material to practicing the asserted claim. *See id.* at 1353; *Vervain, LLC v. Micron Tech., Inc.*, 6:21-cv-00487-ADA, 2022 WL 23469, at *5, 9 (W.D. Tex. Jan. 3, 2022) (demanding more specificity in pleading for limitations that lay at the point of novelty or were critical to issuance of the patent).

### IV. SAFECAST HAS NOT IDENTIFIED AND CANNOT IDENTIFY ANY LOCAL BROADCASTING REGULATIONS THAT APPLY TO YOUTUBE TV

The '302 Patent is directed to "automating compliance with" "a local broadcasting time regulation laid down by [a] broadcasting authority." '302 Patent, Cl. 1. The requirements that the broadcasting regulation must be a "time regulation" and "laid down by a broadcasting authority" are critical because they were added to distinguish the claims from prior art during prosecution. Ex. 4 at 16, 19, 37, 39. The Amended Complaint abandoned the original Complaint's reliance on FCC broadcasting regulations but fails to replace it with *any* broadcasting regulation, let alone a

4

broadcasting "time regulation" that is "laid down by a broadcasting authority." Instead, SafeCast tries to salvage its infringement claim with a new set of allegations: (1) YouTube TV ads "abide by laws" (Dkt. 23-2 at 1); (2) Google enforces its internal policies called the YouTube Community Guidelines (*id.*); and (3) Google has internal Google Advertising Policies (*id.* at 5). None of those allegations—discussed separately below—refer to broadcasting regulations, much less any broadcasting time regulation laid down by a broadcasting authority.

First, while YouTube TV complies with applicable laws and regulations, no local broadcasting time regulation is applicable to YouTube TV because YouTube TV is not a broadcasting service. As SafeCast's Amended Complaint admits, YouTube TV is a subscription streaming service that provides "on-demand and live TV streaming service" and "works with streaming media players." Dkt. 23-2. Public evidence, subject to judicial notice,[3] demonstrates that streaming services do not broadcast. For instance, the FCC has publicly stated that its broadcasting regulations do not regulate streaming services like YouTube TV, even if those services carry content from broadcast networks. Ex. 1[4] (Michael O'Rielly | Commissioner, *FCC Regulatory Free Arena*, FCC (June 1, 2018, 11:15 am), https://www.fcc.gov/news-events/blog/2018/06/01/fcc-regulatory-free-arena (emphasis in original)) (the "Commission DOES NOT regulate . . . over-the-top offerings"). SafeCast's citation to YouTube TV's carrying of content from "broadcast" networks is thus inapposite, as that refers to the source of content rather than the act of broadcasting. Dkt. 23-2 at 2–3. Indeed, the cited evidence demonstrates that YouTube TV does not broadcast content—the broadcast networks do. *Id.*

---

[3] The Court can take judicial notice of the cited government records in resolving a Rule 12(b)(6) motion. *See Data Engine Techs. LLC v. Google LLC*, 906 F.3d 999, 1008 n.2 (Fed. Cir. 2018) (noting that on Rule 12 motion a court may consider matters of public record); *Grecia Estate Holdings LLC, v. Meta Platforms Inc.*, 6:21-CV-00677, 2022 WL 2019296, at *6 (W.D. Tex. June 6, 2022) (taking judicial notice of communications with the PTAB).
[4] All Exhibits cited herein are to the Declaration of Amy K. Liang filed herewith.

Second, the cited YouTube Community Guidelines do not apply to **YouTube TV** (or ads played on YouTube TV), but rather to the YouTube service, which is a different product that is not accused in this litigation. *See* Ex. 2 (Google Transparency Report, YouTube Community Guidelines enforcement (accessed Sept. 26, 2022), https://transparencyreport.google.com/youtube-policy/removals?hl=en) (no mention of YouTube TV). Nor does the cited YouTube Community guidelines page mention any regulations, much less local broadcasting time regulations laid down by a broadcasting authority. *Id.* Instead, that page explains that to protect its community, Google developed internal guidelines to ensure that YouTube does not have unsafe content and terminates channels and removes videos with such content. *Id.* Those YouTube Community Guidelines are "[YouTube's] policies," not broadcasting regulations "laid down by a broadcasting authority." *Id.* And the cited page does not mention any time restrictions because it says instead that the offending content is removed from YouTube completely. *Id.* ("When a channel is terminated, all of its videos are removed."). Thus, in short, the YouTube Community Guidelines and policies cannot be the claimed "local broadcasting time regulation" because: (1) these guidelines do not apply to YouTube TV; (2) they are not "broadcasting" regulations because YouTube TV does not broadcast; (3) they are not "time" regulations because the offending content is removed from the platform; and (4) they are not regulations "laid down by a broadcasting authority" because they are policies created by YouTube.

Third, SafeCast's citation to the Google Advertising Policies page fails for the same reasons. In fact, the page that SafeCast cites as purported support confirms that Google has created its own policies based on a review of a number of factors, including user feedback, online trends and practices, industry norms, and regulations. Ex. 3 (Google Advertising Policies

Help, *Google Ads policies* (accessed Sept. 26, 2022), https://support.google.com/adspolicy/answer/6008942). It does not mention any "broadcasting regulations," much less any regulations "laid down by a broadcasting authority" that have "time of day" restrictions for showing ads. *Id.* SafeCast's citation to that page thus still fails to identify any "local broadcasting time regulation" or any "broadcasting authority" that is subject to its infringement theory against YouTube TV ads.

      This Court and other courts grant motions to dismiss in these circumstances. For example, this Court recently dismissed a Second Amended Complaint by plaintiff Mesa Digital, LLC (represented by the same counsel as SafeCast) because it failed to plead factual allegations to support a plausible inference that two claim limitations were met. *Mesa Digital, LLC v. Cellco Partnership d/b/a Verizon Wireless*, Case No. 6:21-cv-01020, Dkt. 33 (W.D. Tex. July 26, 2022) (granting motions to dismiss and strike, finding the plaintiff's second proposed amendment insufficient and futile). For a limitation requiring "using Bluetooth communications after accepting a passcode," Mesa pointed to Bluetooth with nothing more, and for a limitation requiring "a touch sensitive display screen," Mesa pointed to a physical keypad. *Id.*, Dkt. 13 at 5–9 (W.D. Tex. Feb. 8, 2022). The Court found those allegations insufficient to support direct infringement. *Id.*, Dkt. 33. Likewise, here, SafeCast's Amended Complaint is insufficient because it fails to identify any "broadcasting authority" and any "local broadcasting time regulation" to support direct infringement by YouTube TV, which is an over-the-top, Internet streaming service. *See also Ruby Sands LLC v. Am. Nat'l Bank of Texas*, No. 2:15-CV-1955-JRG, 2016 WL 3542430, at *4 (E.D. Tex. June 28, 2016) (dismissing "direct infringement pleadings [that were] constructed upon a fatally flawed foundation" because no factual

allegations "even remotely suggest[ed]" that the defendant sold the product that was alleged to meet the claim limitation).

In sum, SafeCast has not identified any "local broadcasting time regulation" or even any "broadcasting authority" with which Google allegedly "automat[es] compliance." This failure to identify critical claim elements renders its infringement allegation implausible. And SafeCast's inability to correct this flaw, despite multiple correspondences and a prior Motion to Dismiss that identified this deficiency, supports that amendment would be futile and that the Amended Complaint should be dismissed with prejudice. *Burke v. Ocwen Loan Servicing, L.L.C.*, 855 F. App'x 180, 187 (5th Cir. 2021) (affirming dismissal with prejudice because plaintiff's failure to state a claim in its proposed amended complaint supported the court's conclusion that amendment would be futile).

## V.   CONCLUSION

SafeCast's Amended Complaint should be dismissed because SafeCast has not identified and cannot identify any "broadcasting authority" or any "local broadcasting time regulation" with which Google allegedly complies. Nor could this deficiency ever be corrected because YouTube TV is not a broadcasting service. Because further amendment would be futile, Google respectfully requests the Court dismiss the Amended Complaint with prejudice.

Dated:  September 29, 2022

/s/ *Luann L. Simmons, with permission by Shaun W. Hassett*
Michael E. Jones (TX Bar No. 10929400)
mikejones@potterminton.com
Shaun W. Hassett (TX Bar No. 24074372)
shaunhassett@potterminton.com
**POTTER MINTON, P.C.**
110 North College Avenue, Suite 500
Tyler, TX 75702
Telephone:  903-596-8311
Facsimile:  903-593-8406

Luann L. Simmons (*Pro Hac Vice*)
Email: lsimmons@omm.com
David S. Almeling (*Pro Hac Vice*)
Email: dalmeling@omm.com
Amy K. Liang (*Pro Hac Vice*)
Email: aliang@omm.com
Saurabh Prabhakar (*Pro Hac Vice*)
Email: sprabhakar@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center
28th Floor
San Francisco, California  94111-3823
Telephone:     +1 415 984 8700
Facsimile:     +1 415 984 8701

Andrew Bledsoe (*Pro Hac Vice*)
Email: abledsoe@omm.com
**O'MELVENY & MYERS LLP**
610 Newport Center Drive
17th Floor
Newport Beach, California 92660
Telephone:     +1 949 823 6900
Facsimile:     +1 949 823 6994

*ATTORNEYS FOR DEFENDANT GOOGLE LLC*