# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| SAFECAST LIMITED, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 6:22-cv-00678-ADA |
| GOOGLE LLC, | § § | JURY TRIAL DEMANDED |
| Defendant. | § § § | |

**DEFENDANT GOOGLE LLC'S OPPOSED MOTION TO TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1404(a)**

# TABLE OF CONTENTS

|   |   |   | Page |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | FACTUAL BACKGROUND | | 1 |
| | A. | SafeCast Has No Ties To W.D. Tex. | 1 |
| | B. | Google's Witnesses And Documents Are In N.D. Cal. | 2 |
| | C. | Third-Party Witnesses Are In N.D. Cal. | 4 |
| III. | LEGAL STANDARD | | 5 |
| IV. | ARGUMENT | | 6 |
| | A. | This Case Could Have Been Brought In N.D. Cal. | 6 |
| | B. | The Private Interest Factors Favor Transfer To N.D. Cal. | 6 |
| | | 1. The Relative Ease Of Access To Sources Of Proof | 6 |
| | | 2. The Availability Of Compulsory Process To Secure The Attendance Of Witnesses | 7 |
| | | 3. The Cost Of Attendance For Willing Witnesses | 8 |
| | | 4. Other Practical Problems That Make Trial Of A Case Easy, Expeditious, and Inexpensive | 10 |
| | C. | The Public Interest Factors Favor Transfer To N.D. Cal. | 11 |
| | | 1. The Administrative Difficulties Flowing From Court Congestion | 11 |
| | | 2. The Local Interest In Having Localized Interest Decided At Home | 11 |
| | | 3. The Familiarity Of The Forum With The Law That Will Govern The Case And The Avoidance Of Unnecessary Problems Of Conflict Of Laws [Or In] The Application Of Foreign Law | 12 |
| V. | CONCLUSION | | 12 |

# TABLE OF AUTHORITIES

Page

**CASES**

*10Tales, Inc. v. TikTok Inc.*,
    No. 6:20-CV-00810-ADA, 2021 WL 2043978 (W.D. Tex. May 21, 2021) ............................ 6

*Fintiv, Inc. v. Apple Inc.*,
    No. 6:18-cv-00372, 2019 WL 4743678 (W.D. Tex. Sept. 13, 2019) ....................................... 7

*In re Apple Inc.*,
    No. 2021-181, 2021 WL 5291804 (Fed. Cir. Nov. 15, 2021) .................................................. 10

*In re Cray Inc.*,
    871 F.3d 1355 (Fed. Cir. 2017) ................................................................................................ 6

*In re Genentech, Inc.*,
    566 F.3d 1338 (Fed. Cir. 2009) ............................................................................................. 6, 8

*In re Google Inc.*,
    No. 2017-107, 2017 WL 977038 (Fed. Cir. Feb. 23, 2017) ................................................... 10

*In re Google LLC*,
    No. 2021-170, 2021 WL 4427899 (Fed. Cir. Sept. 27, 2021) ....................................... 6, 9, 11

*In re Google LLC*,
    No. 2021-178, 2021 WL 5292267 (Fed. Cir. Nov. 15, 2021) ........................................ 6, 7, 10

*In re HP Inc.*,
    No. 2018-149, 2018 WL 4692486 (Fed. Cir. Sept. 25, 2018) ................................................. 9

*In re Hulu, LLC*,
    No. 2021-142, 2021 WL 3278194 (Fed. Cir. Aug. 2, 2021) ............................................... 7, 8

*In re Juniper Networks, Inc.*,
    14 F.4th 1313 (Fed. Cir. 2021) ................................................................................................ 5

*In re Netflix, Inc.*,
    No. 2022-110, 2022 WL 167470 (Fed. Cir. Jan. 19, 2022) ..................................................... 7

*In re Nintendo Co.*,
    589 F.3d 1194 (Fed. Cir. 2009) ................................................................................................ 6

*In re Volkswagen of Am., Inc.*,
    545 F.3d 304 (5th Cir. 2008) ........................................................................................... passim

*L2 Mobile Techs. LLC v. Google LLC*,
    No. 6:21-00358-ADA (W.D. Tex.) ...................................................................................... 6, 7

*Parkervision, Inc. v. Intel Corp.*,
   No. 6:20-CV-00108-ADA, 2021 WL 401989 (W.D. Tex. Jan. 26, 2021) .............................. 10

*Parus Holdings Inc. v. LG Elecs. Inc.*,
   Nos. 6:19-CV-00432-ADA, 6:19-CV-00437-ADA, 2020 WL 4905809 (W.D. Tex.
   Aug. 20, 2020) .................................................................................................................... 10

*Profectus Tech. LLC v. Google LLC*,
   No. 20-cv-101 (W.D. Tex.) .................................................................................................... 7

*Receivership Estate of AudienceScience Inc. v. Google LLC*,
   No. 6:21-cv-1209-ADA (W.D. Tex. Aug. 18, 2022) .................................................. 1, 8, 9, 11

*SafeCast Ltd. v. Home Box Office, Inc.*,
   No. 6:22-cv-00679 (W.D. Tex. Sept. 19, 2022) .................................................................... 10

*SafeCast Ltd. v. NBC Universal, Inc.*,
   No. 6:22-cv-00680 (W.D. Tex. Sept. 19, 2022) .................................................................... 10

*SafeCast Ltd. v. Paramount Glob. d/b/a Paramount, Inc.*,
   No. 6:22-cv-00682 (W.D. Tex. Sept. 19, 2022) .................................................................... 10

*SafeCast Ltd. v. Verizon Commc'ns Inc.*,
   No. 6:22-cv-00683 (W.D. Tex. Sept. 6, 2022) ...................................................................... 10

*Traxcell Techs., LLC v. Google LLC*,
   No. 6:21-cv-1312-ADA (W.D. Tex. Aug. 22, 2022) .............................................................. 11

*VideoShare, LLC v. Google LLC*,
   No. 6:19-cv-663 (W.D. Tex.) .................................................................................................. 7

## **STATUTES**

28 U.S.C. § 1400(b) ........................................................................................................................ 6

28 U.S.C. § 1404(a) .................................................................................................................... 1, 5

## I. INTRODUCTION

The Northern District of California ("N.D. Cal."), where Google LLC ("Google") is headquartered and where most relevant evidence exists, is clearly a more convenient forum under 28 U.S.C. § 1404(a). This Court recently transferred another case against Google involving substantially similar facts after finding that case's center of gravity was in N.D. Cal. instead of the Western District of Texas ("W.D. Tex."). *The Receivership Estate of AudienceScience Inc. v. Google LLC*, No. 6:21-cv-1209-ADA, Dkt. 88 (W.D. Tex. Aug. 18, 2022). Google respectfully requests that the Court transfer this case for the same reasons.

SafeCast brought suit against Google in W.D. Tex. despite having no relevant ties to this District. Prior to filing this motion, Google specifically asked if SafeCast has any ties to this District, but SafeCast provided no response. Ex. O. SafeCast is a foreign company based in London, England, where its CEO, the sole named inventor on the asserted patent, and executives are located. SafeCast accuses Google of infringement based on YouTube TV advertisement functionality. Google designed, developed, and maintains the accused functionality in N.D. Cal. where it is headquartered. Google's relevant witnesses and documents are therefore in N.D. Cal., as are several key third-party witnesses, making N.D. Cal. a far more convenient forum to try this case.

## II. FACTUAL BACKGROUND

SafeCast alleges that Google's system for playback of advertising in DVR recordings on YouTube TV infringes U.S. Patent No. 9,392,302 ("'302 Patent"). *See generally* Dkt. 23-2. Google developed the accused functionality in N.D. Cal., where all relevant evidence is and all relevant witnesses reside. *See infra* at Section II.B.

### A. SafeCast Has No Ties To W.D. Tex.

SafeCast's Complaint identifies no ties to this District. SafeCast is a private limited

company registered in England with its principal place of business in North Yorkshire, England. Dkt. 1 ¶ 1. Its CEO and the '302 Patent's sole inventor, Alistair Kelman, lives in London, England, almost 5,000 miles away from Waco. Ex. A. SafeCast's project director, Diana Kelman, and non-executive director, Henning von Spreckelsen, are also in the United Kingdom. Exs. B-C. SafeCast's public information reveals no executives or employees in the United States, much less in W.D. Tex. Ex. D.

B.   **Google's Witnesses And Documents Are In N.D. Cal.**

Google's corporate headquarters and the strategic center of its business is in Mountain View, California. SafeCast's allegations are based on functionality relating to scheduling of ads to be played with DVR-recorded content on YouTube TV. *See* Dkt. 23-2 at 4. Based on Google's investigation, the substantial majority of witnesses with knowledge about this accused functionality are in N.D. Cal., working from Google and YouTube's headquarters. More specifically, Google has identified the following likely witnesses who are based in and/or manage teams in N.D. Cal.:

- ████████████████████████████████████████████
  ████████████████████████████████████████
  ████████████████████████████████████
  ████████████████████████████████████████
  ████████████████████████████████████
  ████████████████████████████████████████
  ████████████████████████████████████████████
  ████████████████████████████████████████
  ██████████████████████████████

- ███████████████████████████████████████
████████████████████████████
███████████████████████████████████████
- ███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
████████████████████████████████
- ███████████████████████████████████████
███████████████████████████████████
███████████████████████████████████████
███████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
- ███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████

These five key witnesses are based in and/or manage teams in N.D. Cal., and they collectively designed, developed, implement, and maintain the accused functionality. ███████████████████████████████████████████████████████████ In contrast,

Google's investigation has identified only one employee W.D. Tex. on those teams, and that employee does not have direct or unique knowledge about the accused functionalities. *See* ▮

▮

▮

### C. Third-Party Witnesses Are In N.D. Cal.

Six inventors of pertinent prior art, described below, are located in N.D. Cal. while no known pertinent prior art or artists are located in W.D. Tex.

"V-chip" was a technology from the early 2000s that was used in television set receivers to enable parents to block programming that they did not want their children to see. Ex. E. The V-chip and its variations disclose the very idea the '302 Patent claims: controlling and disabling programming based on rules and appropriate viewing times. *Id.* Because the V-chip teaches the '302 Patent's fundamental ideas and predates the '302 Patent, it is invalidating prior art and also provides technical background on the state of the art at the '302 Patent's alleged invention. Relevant witnesses for the V-chip prior art system are in California. Dr. Joseph N. Jackson, an early American inventor of V-chip technology lives in Hawthorne, California. *See* U.S. Patent No. 5,548,345; Ex. F. And Broadcom, Inc., headquartered in San Jose, California in N.D. Cal., filed several patent applications relating to V-chip and television management technology. *See, e.g.*, U.S. Patent No. 8,966,015, U.S. Patent App. Pub. No. 2008/0266453.

Jelli, Inc., a company based in San Mateo, CA, developed an advertising platform called RadioSpot that used a server to place ads in radio streams. *See* Ex. G. Jelli is the assignee of U.S. Patent No. 8,413,189 ("Parekh"), which discloses a "a method for determining advertising content to be included in a broadcast" based on "inclusion criterion" that is similar to the '302 Patent. *See* U.S. Patent No. 8,413,189 at Abstract; *see also* U.S. Patent App. No. 2009/0187936 (related patent application disclosing using rules to insert advertising content and "comply with

the FCC"). Jelli and all four named inventors on the Parekh patent—Jateen P. Parekh, Michael S. Dougherty, Sarah Caplener, and Scott Strain—are in N.D. Cal. Exs. H-K.

U.S. Patent No. 10,410,248 ("Yruski") discloses a method to "select and deliver media ads over a network to a user device" by filtering ads based on "rules" and tracking ads that "have been played within a predetermined time period." U.S. Patent No. 10,410,248 Patent at Abstract. The three named inventors of Yruski—Andrey Yruski, Murgesh Navar, and Roman Markovetski—were in N.D. Cal. *Id*. at Cover. Andrey Yruski is still in N.D. Cal., while Roman Markovetski is now in Reno, which is approximately 1,400 miles closer to N.D. Cal. than to W.D. Tex. Exs. L-M. And Yruski was assigned to Sony Interactive Entertainment America, which is headquartered in San Mateo in N.D. Cal. Ex. N.

## III. LEGAL STANDARD

To evaluate transfer under § 1404(a), courts first consider "whether a civil action 'might have been brought' in the destination venue." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (citation omitted). If so, the court weighs eight private and public interest factors:

> (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive[;] . . . [5] the administrative difficulties flowing from court congestion; [6] the local interest in having localized interests decided at home; [7] the familiarity of the forum with the law that will govern the case; and [8] the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.

*Id.* at 315 (internal citation omitted). "[I]n a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer." *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1323 (Fed. Cir. 2021).

## IV. ARGUMENT

### A. This Case Could Have Been Brought In N.D. Cal.

The "preliminary question under [28 U.S.C. §] 1404(a) is whether a civil action 'might have been brought' in the destination venue." *Volkswagen*, 545 F.3d at 312. This threshold is met because SafeCast could have brought this action in N.D. Cal., where Google is headquartered. *See* 28 U.S.C. § 1400(b); *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

### B. The Private Interest Factors Favor Transfer To N.D. Cal.

#### 1. The Relative Ease Of Access To Sources Of Proof

"[I]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer." *In re Nintendo Co.*, 589 F.3d 1194, 1199 (Fed. Cir. 2009) (citing *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009)).

Most of the relevant documents about YouTube TV ads were likely created and maintained in N.D. Cal. because the employees working on those products and services created and maintain them, and those employees are in N.D. Cal. *See* ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓; *see In re Google LLC*, No. 2021-178, 2021 WL 5292267, at *2 (Fed. Cir. Nov. 15, 2021) (stating the "district court erred by analyzing only the location of servers where documents are stored, rather than also considering the location of document custodians and location where documents are created and maintained, which may bear on the ease of retrieval"); *In re Google LLC*, No. 2021-170, 2021 WL 4427899 (Fed. Cir. Sept. 27, 2021), at *6. Here, nearly all of the employees with knowledge relevant to this litigation are based in N.D. Cal. *See supra* Section II.B. This factor thus favors transfer. *L2 Mobile Techs. LLC v. Google LLC*, No. 6:21-00358-ADA, ECF No. 52, at 6 (W.D. Tex.) ("[T]his Court will follow the Federal Circuit's lead and weigh the evidence created and maintained by NDCA-based Google personnel in favor of transfer."); *see also 10Tales, Inc. v.*

*TikTok Inc.*, No. 6:20-CV-00810-ADA, 2021 WL 2043978, at *2 (W.D. Tex. May 21, 2021) ("Thus, to avoid burdening [Google] with unnecessary transportation costs of physical evidence and documentation, the prudent conclusion is that this factor weighs in favor of transfer.").

Accordingly, this factor weighs heavily in favor of transfer to the NDCA. *L2 Mobile*, No. 6:21-cv-00358-ADA, D.I. 52, at 7 ("[T]his Court will follow the Federal Circuit's lead and weigh the evidence created and maintained by NDCA-based Google personnel in favor of transfer."); *In re Google*, 2021 WL 5292267, at *2.

### 2. The Availability Of Compulsory Process To Secure The Attendance Of Witnesses

This factor focuses on "non-party witnesses whose attendance may need to be secured by a court order." *Fintiv, Inc. v. Apple Inc.*, No. 6:18-cv-00372, 2019 WL 4743678, at *5 (W.D. Tex. Sept. 13, 2019) (citing *Volkswagen*, 545 F.3d at 316). This factor "weigh[s] heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue." *In re Netflix, Inc.*, No. 2022-110, 2022 WL 167470, at *4 (Fed. Cir. Jan. 19, 2022). A party's identification of prior art witnesses should be considered. *In re Hulu, LLC*, No. 2021-142, 2021 WL 3278194, at *3 (Fed. Cir. Aug. 2, 2021).

At least six witnesses are subject to compulsory process in N.D. Cal.[1] Though several of these witnesses are prior art witnesses, Google often calls prior art inventors to testify at trial and has done so before this Court. *See, e.g.*, *Profectus Tech. LLC v. Google LLC*, No. 20-cv-101, Dkt. 205, at 733:3-769:25 (W.D. Tex.) (testimony from prior art witness Susan West); *VideoShare, LLC v. Google LLC*, No. 6:19-cv-663, Dkt. 234, at 857:5-884:14 (W.D. Tex.) (testimony from prior art witness Nancy Miracle).

---

[1] N.D. Cal. has subpoena power over individuals in the state of California, including the V-chip inventor in Hawthorne, CA.

SafeCast has not revealed who it believes is relevant to this case and subject to compulsory process in W.D. Tex., and Google's investigation has not identified any relevant witnesses subject to this Court's compulsory process.

This factor weighs heavily in favor of transfer. *See In re Hulu*, 2021 WL 3278194, at *4 (finding this factor favors transfer where "multiple third-party witnesses . . . are overwhelmingly located within the subpoena power of only the transferee venue").

### 3. The Cost Of Attendance For Willing Witnesses

Witness convenience is "the most important factor in the transfer analysis." *Receivership*, No. 6:21-cv-1209-ADA, Dkt. 88 at 4 (citing *In re Genentech*, 566 F.3d at 1343). N.D. Cal. is clearly a more convenient venue for witnesses because Google's witnesses with technical knowledge of the accused functionality and important third parties are based in the N.D. Cal. *See Supra* at Section II.B. For example, at least the five witnesses identified in Section II.B are likely to testify at trial as to how the accused functionality operates, and four of those witnesses are in N.D. Cal. while the fifth manages a team in N.D. Cal. Prior art witnesses may also play a role at trial, and as detailed in Section II.C, six of them are located in and near N.D. Cal. By contrast, SafeCast has no witnesses in this forum. All of its witnesses are in the United Kingdom where SafeCast is headquartered. Travel from the United Kingdom to Waco is more burdensome than to N.D. Cal. because there are no direct flights to Waco, whereas there are direct flights from London to San Francisco. Liang Decl. ¶ 2.

"It is an 'obvious conclusion' that it is more convenient for witnesses to testify at home" than a forum hundreds of miles away. *Volkswagen*, 545 F.3d at 317. In N.D. Cal., Google's engineers, product managers, company representatives, and other witnesses can spend minimal time away to testify because they can drive back and forth to work and the federal courthouse in San Francisco. For example, Google employees can drive from Google's headquarters in

Mountain View to the courts in N.D. Cal. in under one hour.  Liang Decl. ¶ 3.

If this case proceeds in W.D. Tex., testifying will require Google's witnesses to spend at least five hours in flight time, including a layover to get to Waco, as there are no direct flights from the Bay Area to Waco.  Liang Decl. ¶ 2.  That estimate also does not account for time traveling to and from the airport, waiting at the airport, renting cars, and traveling to and from hotels.  The Fifth Circuit has explained that "[w]itnesses who have to leave home 'not only suffer monetary costs, but also the personal costs associated with being away from work, family, and community,'" making trial in W.D. Tex. all the less convenient.  *Volkswagen*, 545 F.3d at 317.  And even if "it is true that the witnesses in the Northern District of California are largely affiliated with [Google], that does not negate the inconvenience and cost to those individuals to travel a significant distance to testify."  *In re Google*, 2021 WL 4427899, at *4.

In *Receivership*, which involved allegations relating to advertising on YouTube, this Court found witness convenience favored transfer because "more willing witnesses reside[d] in or near the NDCA than WDTX."  No. 6:21-cv-1209-ADA, Dkt. 88 at 6.  The location of Google's witnesses compels the same result here, where nearly all identifiable witnesses that designed, developed, and maintain the accused functionality are in N.D. Cal.

While Google has an Austin office, there are no expected witnesses in those offices.  That presence thus does not prevent transfer because "[a] party's presence in the transferor district does not affect the assessment of this factor if that presence is not relevant to the case."  *In re HP Inc.*, No. 2018-149, 2018 WL 4692486, at *1–2 (Fed. Cir. Sept. 25, 2018) (finding transfer to the NDCA appropriate even though defendant "maintain[ed] an office" in the original forum).

Accordingly, this factor heavily favors transfer.  *In re Google*, 2021 WL 4427899, at *4 ("[W]hen there are numerous witnesses in the transferee venue and the only other witnesses are

9

far outside the plaintiff's chosen forum, the witness-convenience factor favors transfer.").

### 4. Other Practical Problems That Make Trial Of A Case Easy, Expeditious, and Inexpensive

There are no practical problems that prevent transfer to N.D. Cal. Although SafeCast filed suits against other defendants before this Court, these cases are at their earliest stages, so "any increase in judicial economy from the Court's experience in these early stages of litigation is likely to be limited." *Parus Holdings Inc. v. LG Elecs. Inc.*, Nos. 6:19-CV-00432-ADA, 6:19-CV-00437-ADA, 2020 WL 4905809, at *7 (W.D. Tex. Aug. 20, 2020). Moreover, "[w]hile judicial economy may be served by having the Court try cases that involve the same patents, cases involving the same patents but different defendants, products, and witnesses will not necessarily be expedited by being in the same court." *Parkervision, Inc. v. Intel Corp.*, No. 6:20-CV-00108-ADA, 2021 WL 401989, at *6 (W.D. Tex. Jan. 26, 2021). Any benefit to trying every case involving the '302 Patent together also does not warrant denying transfer because other defendants have moved to dismiss for improper venue. *See SafeCast Ltd. v. Verizon Commc'ns Inc.*, No. 6:22-cv-00683, Dkt. 10 (W.D. Tex. Sept. 6, 2022); *SafeCast Ltd. v. Home Box Office, Inc.*, No. 6:22-cv-00679, Dkt. 12 (W.D. Tex. Sept. 19, 2022); *SafeCast Ltd. v. NBC Universal, Inc.*, No. 6:22-cv-00680, Dkt. 12 (W.D. Tex. Sept. 19, 2022); *SafeCast Ltd. v. Paramount Glob. d/b/a Paramount, Inc.*, No. 6:22-cv-00682, Dkt. 3 (W.D. Tex. Sept. 19, 2022). The Federal Circuit has held that "copending suits are not to be over-weighed if they are also subject to motions to transfer." *In re Google*, 2021 WL 5292267, at *3. Thus, this factor must not dominate the transfer analysis, and at most, is neutral. *In re Google Inc*, No. 2017-107, 2017 WL 977038, at *2 (Fed. Cir. Feb. 23, 2017).

### C. The Public Interest Factors Favor Transfer To N.D. Cal.

#### 1. The Administrative Difficulties Flowing From Court Congestion

This factor concerns "whether there is an appreciable difference in docket congestion between the two forums." *Parkervision*, 2021 WL 401989, at *6. Recently, the Federal Circuit noted that "the Western District of Texas and the Northern District of California show no significant differences in caseload or time-to-trial statistics." *In re Apple Inc.*, No. 2021-181, 2021 WL 5291804, at *4 (Fed. Cir. Nov. 15, 2021). But even assuming that this case will proceed to trial faster in W.D. Tex. than N.D. Cal., any such temporal advantage is too speculative to meaningfully alter the transfer analysis. The Court recently transferred two Google cases from W.D. Tex. to N.D. Cal.—despite a presumed faster time to trial in W.D. Tex. than N.D. Cal.—after explaining that time to trial "appears to be the most speculative." *Receivership*, No. 6:21-cv-1209-ADA, Dkt. 88 at 11; *see also Traxcell Techs., LLC v. Google LLC*, No. 6:21-cv-1312-ADA, Dkt. 49 (W.D. Tex. Aug. 22, 2022). Thus, at most, this factor should be given neutral weight.

#### 2. The Local Interest In Having Localized Interest Decided At Home

This factor focuses on the "significant connections between a particular venue and the events that gave rise to a suit." *In re Google*, 2021 WL 4427899, at *5 (internal citations omitted).

Local interests strongly favor transfer because Google designed, developed, and, to this day, maintains the accused products in N.D. Cal. and because several third party prior art witnesses developed prior art systems in N.D. Cal. *See supra* at Section II.B, II.C. This Court held in *Receivership* that local interests favored N.D. Cal. when the plaintiff accused nearly the same advertising functionality of infringement because "[t]he 'design, development, implementation, and maintenance of the accused functionalities in the Accused Products by

11

employees in the NDCA' give that district a strong local interest." *Receivership*, No. 6:21-cv-1209-ADA, Dkt. 88 at 12. For the same reasons, this factor weighs "strongly" in favor of transfer because "[t]he accused products were designed and developed in the transferee venue and are not related to Google's presence in Texas." *In re Google*, 2021 WL 4427899, at *6. Moreover, N.D. Cal. also has local interest because several prior art witnesses reside there. *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009) (finding strong local interest where the case "calls into question the work and reputation of several individuals residing in or near that district" including non-party witnesses).

### 3. The Familiarity Of The Forum With The Law That Will Govern The Case And The Avoidance Of Unnecessary Problems Of Conflict Of Laws [Or In] The Application Of Foreign Law

The courts in both forums are experienced with patent law, and no conflict-of-law issues are present. These factors are neutral.

## V. CONCLUSION

For all of these reasons, the private and public interest factors weigh heavily in favor of transfer. Google respectfully requests that the Court transfer this case to the Northern District of California.

Dated: October 18, 2022    Respectfully submitted:

/s/ *Darin W. Snyder with permission, by Shaun W Hassett*
Darin W. Snyder (*Pro Hac Vice*)
Email: dsnyder@omm.com
Luann L. Simmons (*Pro Hac Vice*)
Email: lsimmons@omm.com
David S. Almeling (*Pro Hac Vice*)
Email: dalmeling@omm.com
Amy K. Liang (*Pro Hac Vice*)
Email: aliang@omm.com
Saurabh Prabhakar (*Pro Hac Vice*)
Email: sprabhakar@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center
28th Floor
San Francisco, California 94111-3823
Telephone: +1 415 984 8700
Facsimile: +1 415 984 8701

Andrew Bledsoe (*Pro Hac Vice*)
Email: abledsoe@omm.com
**O'MELVENY & MYERS LLP**
610 Newport Center Drive
17th Floor
Newport Beach, California 92660
Telephone: +1 949 823 6900
Facsimile: +1 949 823 6994

Michael E. Jones (TX Bar No. 10929400)
mikejones@potterminton.com
Shaun W. Hassett (TX Bar No. 24074372)
shaunhassett@potterminton.com
**POTTER MINTON, P.C.**
110 North College Avenue, Suite 500
Tyler, TX 75702
Telephone: 903-596-8311
Facsimile: 903-593-8406

***ATTORNEYS FOR DEFENDANT GOOGLE LLC***

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(G), I certify that from September 16 through September 22, 2022, I conferred with counsel for SafeCast regarding this motion, and counsel for SafeCast stated that SafeCast opposes.

Dated: October 18, 2022                                     /s/ *Amy K. Liang*

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on October 18, 2022, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

Dated: October 18, 2022                                     /s/ *Shaun W. Hassett*