# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| SAFECAST LIMITED, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 6:22-cv-00678-ADA |
| GOOGLE LLC, | § | |
| | § | JURY TRIAL DEMANDED |
| Defendant. | § | |
| | § | |
| | § | |

**DEFENDANT GOOGLE LLC'S REPLY IN SUPPORT OF MOTION TO TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1404(a)**

## I.      INTRODUCTION

This case should be transferred to N.D. Cal., where Google designed and developed the accused functionality and where relevant witnesses and evidence are.  In contrast, Safecast has not identified a single witness or relevant document in W.D. Tex.  Thus, Google's Motion should be granted.

Safecast's Opposition raises only attorney arguments attacking the weight of Google's evidence, but none of Safecast's arguments support keeping this case in W.D. Tex.  Moreover, all of the legal arguments that Safecast raises have been rejected by the Federal Circuit.

## II.     ARGUMENT

### A.      The Private Interest Factors Favor Transfer To N.D. Cal.

#### 1.       The Relative Ease Of Access To Sources Of Proof

Google confirmed that relevant documents were created and are maintained by the identified employees who work on the accused YouTube TV ads features—four of whom are in N.D. Cal. and one who is in New Jersey.  Dkt. 27 at 6-7.  Safecast did not identify any sources of proof in this District and does not dispute that relevant evidence is in N.D. Cal.  Instead, Safecast relies on *Planned Parenthood*, to argue that transporting documents is easier now with modern technology.  Dkt. 36 at 5-6.  In *Planned Parenthood*, the court had to balance that there was "documentary evidence in **both** the Northern District and the Western District."  *See* 52 F.4th 625, 630 (5th Cir. 2022).  But here, there is **no** evidence in W.D. Tex.  The Federal Circuit has also explained that "electronic storage of documents . . . does not make the sources-of-proof factor irrelevant."  *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1321 (Fed. Cir. 2021).  What matters is "the relative access to sources of evidence in the two competing forums."  *Id.*  Where, as here, Google has identified multiple sources of evidence supporting transfer to N.D. Cal. and neither party has identified any evidence in W.D. Tex., this factor weighs heavily in favor of transfer.

### 2.    Compulsory Process To Secure The Attendance Of Witnesses

Google identified six non-party witnesses who are subject to compulsory process in N.D. Cal., while Safecast has identified none in W.D. Tex.  Dkt. 27 at 4–5.  Safecast attempts to discount these witnesses by arguing that Google must show that they are "unwilling."  Dkt. 36 at 6.  But "when there is no indication that a non-party witness is willing, the witness is presumed to be unwilling and considered under the compulsory process factor."  *In re DISH Network L.L.C.*, No. 2021-182, 2021 WL 4911981, at *3 (Fed. Cir. Oct. 21, 2021).  Here, there is no indication that these witnesses are willing to testify, and they are presumed to be unwilling.

Safecast's reliance on *Curtis v. Galakatos*, 19 F.4th 41, 53 (1st Cir. 2021) is misplaced because the movant had no evidence of the witnesses' residences.  Here, evidence shows that these six witnesses reside in California.  Dkt. 27-6–14.  *Hefferan v. Ethicon Endo-Surgery Inc.*, 828 F.3d at 488, 499 (6th Cir. 2016), which is not binding on this Court, and *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630 (5th Cir. 2022) only support that district courts have discretion to give less weight to—not ignore—witnesses who have not been shown to be unwilling. Even if Google's witness identifications should be discounted as Safecast contends, there are six witnesses on the N.D. Cal. side of the ledger and none on the other.  Thus, this factor weighs heavily in favor of transfer.

### 3.    The Cost Of Attendance For Willing Witnesses

Most of Google's witnesses who designed, developed, and maintain the accused YouTube TV ads functionalities are in N.D. Cal., and one is in New Jersey.  Dkt. 27 at 2–4, 8.  Google identified its witnesses by name, job description, and relevant knowledge.  *Id.*  Safecast has not identified a single relevant witness in W.D. Tex.

Instead, Safecast cites to job openings at Google's Austin office for an engineer in "conversational artificial intelligence," a sales representative for "state and local government," and

others, none of which are relevant to the accused YouTube TV ads functionalities.  In contrast, Google submitted declarations identifying five relevant witnesses and their relevant knowledge. Dkts. 27-1–4.  Even if the cited job openings related to the accused product—they do not—such openings are irrelevant because they do not suggest that relevant witnesses are in that office and "could equally point to the opposite conclusion, that [a party] is in need of these types of employees because the Austin office currently lacks them."  *Gesture Tech. Partners, LLC v. Apple Inc.*, No. 6:21-CV-00121-ADA, 2022 WL 3592451, at *3 (W.D. Tex. Aug. 22, 2022).

Safecast attacks Google's evidence by insinuating that Google is hiding relevant witnesses in Austin because Google stated that "nearly all witnesses" are in N.D. Cal.  Dkt. 36 at 6-7.  Google is not hiding anything.  As Google disclosed in its Motion, one of the five identified relevant witnesses lives in New Jersey, which is why Google said "nearly all" of the witnesses are in N.D. Cal.  Dkt. 27 at 3.  Far from hiding anything, Google disclosed information about the relevant witnesses' teams, including identifying that one team member is in Austin and describing their work, which is not relevant to ads and is therefore not relevant to this case.  Dkts. 27 at 3 and 27-2 ¶¶6–7.

Safecast complains for the first time that Google's response to Interrogatory No. 5 is improper.  Dkt. 36 at 6 n.6.  Safecast waived any complaint when it did not ask for more information, seek a deposition of any identified witnesses, or file a discovery motion within the 10 week venue discovery period, or even notify Google that there was any deficiency.  *See Sudduth v. Texas Health & Hum. Servs. Comm'n*, No. A-13-CA-918-SS, 2015 WL 12860407, at *7 (W.D. Tex. July 13, 2015) ("The Court will not consider unsubstantiated allegations of discovery-related misconduct," noting plaintiff "failed to file a motion to compel.").  And Google did respond to that interrogatory, identifying the name and projects of the Austin employee and explaining why that

individual is irrelevant for this venue analysis.  Dkt. 37 at 20 (incorporating Google's response to Interrogatory No. 2 (at 12–13)).

### 4.    Other Practical Problems

Safecast cites *Planned Parenthood* and argues that Google delayed by filing for transfer three months after Safecast brought suit.  Dkt. 36 at 7.  In *Planned Parenthood*, the petitioner "inexcusably delayed" filing its transfer motion by waiting "***seven months*** after this case was unsealed ***and months into the discovery period***."  52 F.4th at 631.  By contrast, Google filed its transfer motion more than three months *before* the January 26 deadline that was set according to this Court's guidance.  *See* Dkt. 39 at 1.  Moreover, discovery does not open until June 6, 2023. *Id.* at 3.

Safecast also claims prejudice because it "prepared its response in anticipation of Google's motion to dismiss being decided before the Fifth Circuit."  Dkt. 36 at 7.  Safecast does not point to any difference between Ninth and Fifth Circuit law that materially impacts the outcome of Google's motion.  In fact, both parties cited Federal Circuit law for the patent pleading standard. Dkt. 24 at 4; Dkt. 26 at 5.  In any case, Safecast cites no authority supporting that opposing a motion to dismiss in one Circuit should prevent transfer to another.  Dkt. 36 at 7.

### B.    The Public Interest Factors Favor Transfer To N.D. Cal.

The administrative difficulties and familiarity with law factors are undisputed.  *Id.* at 7–8.

### 1.    N.D. Cal. Has Local Interest While W.D. Tex. Does Not

Google designed, developed, and maintains most of the accused YouTube TV ads functionality in N.D. Cal., giving N.D. Cal. a unique, local interest in this case. Dkt. 27 at 2-4.  By contrast, there is no relevant local interest in W.D. Tex.  Safecast cited only this district's "not wanting the claims of valid U.S. patents infringed" and a "cluster" of high-tech companies in Austin, including Google.  Dkt. 36 at 7. Safecast does not and cannot argue that N.D. Cal. has less

interest in preventing patent infringement than this district, and N.D. Cal. also has a "cluster" of high-tech companies in Silicon Valley, including Google's headquarters.

Google's Austin office does not prevent transfer because "that presence is not relevant to the case." *In re HP Inc.*, No. 2018-149, 2018 WL 4692486, at *1–2 (Fed. Cir. Sept. 25, 2018). This factor is not about "connections to each forum writ large, but rather the significant connections between a particular venue and the events that gave rise to a suit." *In re DISH Network L.L.C.*, 856 F. App'x 310, 310 (Fed. Cir. 2021). Google's work on the accused product, which primarily occurred in N.D. Cal., gave rise to the product in dispute. Dkt. 27 at 2–3. This factor thus weighs heavily in favor of transfer.

### 2.    No Conflict Of Laws Issues Exist

No conflicts of law issues prevent transfer because federal patent law applies. Safecast's reliance on the co-pendency of its other cases is irrelevant to this factor. "[J]ust because a patent is litigated in a particular [forum] does not mean the patent owner will necessarily have a free pass to maintain all future litigation involving that patent in that [forum]." *In re Google LLC*, No. 2022-140, 2022 WL 1613192, at *4 (Fed. Cir. May 23, 2022). "To hold otherwise" would "effectively inoculat[e] a plaintiff against convenience transfer under § 1404(a) simply because it filed related suits against multiple defendants in the transferor district." *In re Google Inc.*, No. 2017-107, 2017 WL 977038, at *2 (Fed. Cir. Feb. 23, 2017). And the '302 Patent is already being litigated in multiple districts because the *Safecast Limited v. DISH Network Corp* case is in Colorado. Finally, the Court's familiarity with the '302 Patent from Safecast's co-pending and later-filed lawsuits do not weigh against transfer. *See In re EMC Corp.*, 501 F. App'x 973, 976 (Fed. Cir. 2013) ("subsequent familiarity gained by the district court [after the suit was instituted] is [] irrelevant.").

### III.    CONCLUSION

For all of these reasons, Google respectfully requests this case be transferred to N.D. Cal.

Dated:  January 17, 2023

*/s/ Darin W. Snyder, with permission by*
*Shaun W. Hassett*
Darin W. Snyder (*Pro Hac Vice*)
Email: dsnyder@omm.com
Luann L. Simmons (*Pro Hac Vice*)
Email: lsimmons@omm.com
David S. Almeling (*Pro Hac Vice*)
Email: dalmeling@omm.com
Amy K. Liang (*Pro Hac Vice*)
Email: aliang@omm.com
Saurabh Prabhakar (*Pro Hac Vice*)
Email: sprabhakar@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center
28th Floor
San Francisco, California  94111-3823
Telephone:   +1 415 984 8700
Facsimile:   +1 415 984 8701

Andrew Bledsoe (*Pro Hac Vice*)
Email: abledsoe@omm.com
**O'MELVENY & MYERS LLP**
610 Newport Center Drive
17th Floor
Newport Beach, California 92660
Telephone:    +1 949 823 6900
Facsimile:    +1 949 823 6994

Michael E. Jones (SBN: 10929400)
Shaun W. Hassett (SBN: 24074372)
POTTER MINTON, PC
102 N. College, Suite 900
Tyler, Texas 75702
Tel: 903-597-8311
Fax: 903-593-0846
mikejones@potterminton.com
shaunhassett@potterminton.com

***ATTORNEYS FOR DEFENDANT***
***GOOGLE LLC***