

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

SAFECAST LIMITED, §
       *Plaintiff,* §
§
§           **W-22-CV-00678-ADA**
*v.* §
§
**GOOGLE LLC,** §
       *Defendant.* §
§

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Defendant Google LLC's Opposed Motion to Transfer Venue to the Northern District of California Under 28 U.S.C § 1404(a) (ECF No. 27). Safecast Limited filed a Response (ECF No. 36) and Google replied (ECF No. 40). After carefully considering the parties' briefs and the applicable law, the Court **GRANTS** Google's motion to transfer venue to the Northern District of California

### I.      FACTUAL BACKGROUND

Plaintiff Safecast filed this lawsuit accusing Defendant Google of infringing United States Patent No. 9,392,302 (the "'302 Patent"). ECF No. 23 at ¶ 12. Defendant is a Delaware corporation with its principal place of business in Mountain View, California. *Id.* at ¶ 2.

Defendant seeks transfer to the Northern District of California under 28 U.S.C. § 1404(a). ECF No. 27. Plaintiff opposes this request to transfer. ECF No. 36.

### II.      LEGAL STANDARD

In patent cases, motions to transfer under 28 U.S.C. § 1404(a) are governed by the law of the regional circuit—here, the Fifth Circuit. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed.

Cir. 2008). 28 U.S.C. § 1404(a) provides in part that "[f]or the convenience of parties and witnesses, . . . a district court may transfer any civil action to any other district or division where it might have been brought . . . " *Id*. "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

The preliminary question under § 1404(a) is whether a civil action "'might have been brought' in the destination venue." *In re Volkswagen, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) [hereinafter *Volkswagen II*]. If the destination venue would have been a proper venue, then "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004) (footnote omitted). The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) [hereinafter *Volkswagen I*] (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id*. Courts evaluate these factors based on the situation which existed at the time of filing, rather than relying on hindsight knowledge of the defendant's forum preference. *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960).

The moving party has the burden to prove that a case should be transferred for convenience. *Volkswagen II*, 545 F.3d at 314. The burden is not simply that the alternative venue is more convenient, but that it is clearly more convenient. *Id.* at 314–15. While "clearly more convenient" is not the same as the "clear and convincing" standard, the moving party must still show more than a mere preponderance. *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019). Yet, the Federal Circuit has clarified that, for a court to hold that a factor favors transfer, the movant need not show an individual factor *clearly* favors transfer. *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020).

## III.    DISCUSSION

### A.    Threshold Determination

The threshold determination in the § 1404(a) analysis is whether this case could initially have been brought in the destination venue—the Northern District of California ("NDCA"). Defendant asserts that this case could have originally been brought in the NDCA because Defendant is headquartered in the North District of California in Mountain View. ECF No. 27 at 2. Plaintiff does not dispute this point. This Court finds that this case could have been brought in the NDCA. Thus, the Court proceeds with its analysis of the private and public interest factors to determine if the NDCA is clearly more convenient than the Western District of Texas ("WDTX").

### B.    The Private Interest Factors

#### i. The Cost of Attendance and Convenience for Willing Witnesses

The most important factor in the transfer analysis is the convenience of the witnesses. *In re Genentech, Inc.*, 566 F.3d 1388, 1342 (Fed. Cir. 2009). According to Fifth Circuit law, if the distance between a current venue and a proposed venue is more than 100 miles, the inconvenience to witnesses increases in direct relationship to the additional distance they must travel if the matter

is transferred. *Volkswagen II*, 545 F.3d at 317. But it is unclear when the 100-mile rule applies, as the Federal Circuit has stated that courts should not apply the rule "rigidly" in cases where witnesses would be required to travel a significant distance no matter what venue they testify in. *In re Apple*, 979 F.3d at 1342 (discussing witnesses traveling from New York) (citing *Volkswagen II*, 545 F.3d at 317). "[T]he inquiry should focus on the cost and inconvenience imposed on the witnesses by requiring them to travel to a distant forum and to be away from their homes and work for an extended period of time." *In re Google, LLC*, No. 2021-170, 2021 WL 4427899, at *4 (Fed. Cir. Sept. 27, 2021). According to the Federal Circuit, time is a more important metric than distance. *Id.* However, the Federal Circuit has also held that when willing witnesses will have to travel a significant distance to either forum, the slight inconvenience of one forum in comparison to the other should not weigh heavily on the outcome of this factor. *In re Apple*, 979 F.3d at 1342. When analyzing this factor, the Court should consider all potential witnesses. *Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-CV-00693, 2017 WL 4155236, at *5 (E.D. Tex. Sept. 19, 2017).

Defendant asserts that this factor weighs in favor of transfer because most witnesses are in the NDCA. ECF No. 27 at 2. Defendant identifies multiple senior personnel with responsibility for and knowledge of the research, design, development, marketing, and sales of the Accused Products that are primarily located in the NDCA. *Id.* at 2-3. Defendant identifies only one employee on relevant teams in WDTX and claims that they do not have unique knowledge. *Id.* at 3-4.

In response, Plaintiff does not identify a single specific witness in WDTX and merely cursorily states that because Defendant indicates that "nearly all" witnesses reside in the NDCA, there *might* be employees with knowledge in Austin. ECF No. 36 at 6-7. Notably, Plaintiff

identifies no WDTX employees, and merely provides LinkedIn job postings that show Google hires software developers in Austin. *Id*. at 2-3.

The Court finds that this factor weighs in favor of transfer. Many party witnesses are located in the NDCA, and no specifically identified employees are located in the WDTX. The Defendant's job postings are also not considered by the Court because there is no evidence that the posts were filled or had anything to do with the accused products. Given that there are five undisputedly relevant party witnesses in the NDCA, possibly one in the WDTX, and cost and inconvenience posed to other party witnesses is similar for both forums, this factor weighs in favor of transfer.

### ii. *The Relative Ease of Access to Sources of Proof*

"In considering the relative ease of access to proof, a court looks to where documentary evidence, such as documents and physical evidence, is stored." *Fintiv Inc. v. Apple Inc.*, No. 6:18-cv-00372, 2019 WL 4743678, at *2 (W.D. Tex. Sept. 10, 2019). "[T]he question is *relative* ease of access, not *absolute* ease of access." *In re Radmax*, 720 F.3d 285, 288 (5th Cir. 2013) (emphases in original). "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Apple Inc.*, 979 F.3d at 1340 (citing *In re Genentech*, 566 F.3d at 1345).

Defendant is based in the NDCA and argues that this factor weighs in favor of transfer because the Accused Products were and continue to be researched, designed and developed. ECF No. 27 at 6-7. Defendant argues that the custodians of the evidence are located in the NDCA. *Id.*

Plaintiff argues that Defendant hasn't made credible arguments regarding difficulty of accessing documents and source code in WDTX, or that it would be difficult to digitize physical

documents and produce them. ECF No. 36 at 5-6. Plaintiff further argues that electronic documents are easily accessed in both locations so the Court should not consider them. *Id.*

The Court finds that this factor weighs in favor of transfer. While electronic evidence is accessible in both forums, the location of document custodians of electronic evidence and physical evidence supports transfer. This Court has noted that "the location of physical evidence is more important to this analysis than the location of where electronic documents are typically accessed." *Virtru Corp. v. Microsoft Corp.*, No. W-22-CV-00242-ADA, slip op. at 15–16 (W.D. Tex. January 18, 2023) (Albright, J.) (reconciling *In re Planned Parenthood Fed'n of Am., Inc.* and *In re Apple, Inc.*). The document custodians are located in the NDCA—a fact that Plaintiff does not dispute. There is no physical evidence shown to be located in the WDTX, nor are any document custodians located in the WDTX. Thus, the Court finds that this factor weighs in favor of transfer.

### iii. The Availability of Compulsory Process to Secure the Attendance of Witnesses

Under the Federal Rules, a court may subpoena a witness to attend trial only (a) "within 100 miles of where the person resides, is employed, or regularly transacts business in person"; or (b) "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . is commanded to attend a trial and would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(A), (B)(ii). Under this factor, the Court focuses on non-party witnesses whose attendance may need to be secured by a court order." *Fintiv Inc.*, 2019 WL 4743678, at *14 (citing *Volkswagen II*, 545 F.3d at 316). This factor "weigh[s] heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue." *In re Apple*, 581 F. App'x 886, 889 (Fed. Cir. 2014) (citing *In re Genentech*, 566 F.3d at 1345). The Federal Circuit has held that "when there is no indication that a non-party witness is willing, the witness is presumed to be unwilling and considered under the compulsory process factor." *In re HP Inc.*, 2018 WL 4692486, at *3 n.1. However, the Fifth Circuit has clarified that "the

availability of the compulsory process 'receives less weight when it has not been alleged or shown that any witness would be unwilling to testify.'" *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th at 630−31 (quoting *Hefferan v. Ethicon Endo-Surgery Inc.*, 828 F.3d 488 (6th Cir. 2016)).

Defendant argues that this factor weighs strongly in favor of transfer because numerous potential non-party witnesses are subject to the subpoena power of the NDCA. ECF No. 27 at 7-8. Defendant multiple inventors and prior art witnesses that are subject to NDCA subpoena power that are relevant to the instant action. *Id.*

Plaintiff contends that none of the witnesses identified have been shown to be unwilling to testify. ECF No. 36 at 6.

The Court finds that this factor slightly favors transfer. Defendant multiple individuals—who are very relevant and only subject to subpoena in the NDCA, not the WDTX. The Court finds that this factor weighs in favor of transfer.

### iv. All Other Practical Problems That Make Trial of a Case Easy, Expeditious, and Inexpensive

When considering the private interest factors, courts must also consider "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 314. "Particularly, the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor or against transfer." *PersonalWeb Techs., LLC v. NEC Corp. of Am., Inc.*, No. 6:11-cv-655, 2013 WL 9600333, at *5 (E.D. Tex. Mar. 21, 2013). "[W]here there is a co-pending litigation before the trial court involving the same patent-in-suit, and pertaining to the same underlying technology and accusing similar services, [the Federal Circuit] cannot say the trial court clearly [abuses] its discretion in denying transfer." *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 n.3 (Fed. Cir. 2010).

Defendant argues that this factor is neutral because the mere co-pendency of infringement suits in a particular district does not automatically make this factor weigh favor transfer. ECF No. 27 at 10. Defendant contends that the other *SafeCast* actions pending in this Court involve are at their early stages and involve different defendants (especially when all cases are subject to motions to transfer). *Id.* at 13–14.

Plaintiff asserts that this factor weighs against transfer because it was filed after a motion to dismiss Plaintiff's amended complaint, and it would be prejudicial to transfer while the motion to dismiss is pending. ECF No. 36 at 6.

The Court finds that this factor weighs against very slightly against transfer. Judicial economy would likely be served by the same Court trying these cases. However, this factor has diminished importance to the overall transfer analysis according to Federal Circuit precedent. *See In re Samsung Elecs., Co.*, 2 F.4th 1371 at 1380 (Fed. Cir. 2021) (noting that "the incremental gains in keeping these cases in the Western District of Texas simply are not sufficient to justify overriding the inconvenience to the parties and witnesses.").

**D.    The Public Interest Factors**

      ***i.    Administrative Difficulties Flowing from Court Congestion***

This factor concerns "whether there is an appreciable difference in docket congestion between the two forums." *In re Adobe Inc.*, 823 Fed. App'x 929, 932 (Fed. Cir. 2020). It considers the "[t]he speed with which a case can come to trial and be resolved." *In re Genentech, Inc.*, 566 F.3d at 1347. In this analysis, court congestion is considered "the most speculative" factor, and when "relevant factors weigh in favor of transfer and others are neutral, then the speed of the transferee district court should not alone outweigh all those other factors." *Id.*

Defendant argues that this factor is too speculative for the Court to give weight to given differing opinions on time to trial. ECF No. 27 at 11. Plaintiff does not argue anything regarding this factor. *See generally* ECF No. 36. Because the Court is provided no facts by Plaintiff to consider, the Court holds that this factor is neutral.

### ii.    *Local Interest in Having Localized Interests Decided at Home*

Under this factor, the Court must evaluate whether there is a local interest in deciding local issues at home. *Volkswagen II*, 545 F.3d at 317. Local interests in patent cases "are not a fiction." *In re Samsung Elecs. Co.*, 2 F.4th 1371, 1380 (Fed. Cir. 2021). "A local interest is demonstrated by a relevant factual connection between the events and the venue." *Word to Info, Inc. v. Facebook, Inc.*, No. 3:14-CV-04387-K, 2015 WL 13870507, at *4 (N.D. Tex. Jul. 23, 2015). "[T]he sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue." *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009). "This factor most notably regards not merely the parties' significant connections to each forum writ large, but rather the 'significant connections between a particular venue and *the events that gave rise to a suit*.'" *In re Apple*, 979 F.3d at 1344 (emphasis in original) (quoting *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010)). Courts should not heavily weigh a party's general contacts with a forum that are untethered from the lawsuit, such as a general presence. *Id.* Moreover, "little or no weight should be accorded to a party's 'recent and ephemeral' presence in the transferor forum, such as by establishing an office in order to claim a presence in the district for purposes of litigation." *In re Juniper Networks, Inc.*, 14 F.4th at 1320 (quoting *In re Microsoft Corp.*, 630 F.3d 1361, 1365 (Fed. Cir. 2011)). To determine which district has the stronger local interest, the Court looks to where the events forming the basis for infringement occurred. *Id.* at 1319.

Defendant argues that the NDCA has the only local interest in this case, because it is where the development, marketing, and business decisions related to the Accused Products occurred, as

well as being where Defendant is based. ECF No. 27 at 11-12. Defendant further agues that prior

art witnesses reside in NDCA further providing local interest. *Id.* Plaintiff asserts that Google has

a WDTX office the WDTX has an interest in claims not being infringed. ECF No. 36 at 7.

      The Court finds that this factor weighs in favor of transfer. Plaintiff has not argued that it

has any connection to WDTX. The only local interest to be considered is Defendant's, which

supports transfer. Defendant is based in the NDCA. Plaintiff's allegations regarding Defendant's

general presence in WDTX does not support transfer.

### iii.    *Familiarity of the Forum with the Law That will Govern the Case*

      Defendant argues that this factor is neutral and Plaintiff does not dispute it. ECF No. 27 at

12; *see* ECF No. 36. The Court agrees.

### iv.    *Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law*

      Defendant argues that this factor is neutral. ECF No. 27 at 12. Plaintiff argues that this

Court will be dealing with additional pending lawsuits so judicial economy weighs against transfer.

ECF No. 36 at 8. The Court notes that Plaintiff conflates the Practical Problems factor with this

factor. There is no conflict of laws or concerns about the application of foreign law given that this

is a patent infringement lawsuit. The Court finds this factor is neutral.

## IV.    CONCLUSION

Given that most factors weigh in favor of transfer, the Court finds that Defendant has met its burden to prove that the Northern District of California is clearly more convenient. It is hereby **ORDERED** that:

(1) Defendant's Motion to Transfer Venue (ECF No. 27) is **GRANTED**;

(2) All deadlines in this case are **VACATED**; and

Finally, the Court's Clerk is directed to transfer this case to the Northern District of California.

SIGNED this 23rd day of June, 2023.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE